**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**MICHAEL PAUL BLAZER,**

Plaintiff,

v.

**MEDICAL CONCEPTS DEVELOPMENT,**

Defendant.

---

Civil No. 00-1939 (PAM/JGL)

**O R D E R**

Michael Paul Blazer, pro se.

Medical Concepts Development, pro se.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's motion for appointment of counsel (Doc. No. 3). On August 22, 2000, this Court referred Plaintiff to the Volunteer Lawyers Network (VLN) and gave Plaintiff 30 days in which to contact VLN. As of October 19, 2000, no attorney on behalf of VLN or otherwise has entered an appearance as attorney of record for Plaintiff. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

There is no constitutional or statutory right to counsel in civil cases, see Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985), and the

OCT 2 0 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appointment of counsel in civil actions is a matter committed to the discretion of the court, see Mosbry v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Plaintiff Blazer is suing Defendant Medical Concepts Development for employment discrimination under 42 U.S.C. § 2000e. The language of Title VII gives courts authority to appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B). However, the Eighth Circuit preconditioned the exercise of such power upon satisfaction of the criteria set forth in In re Lane, 801 F.2d 1040 (8th Cir. 1986) and Nelson v. Redfield Lithograph Printing, 728 F.2d 1003 (8th Cir. 1984).

In re Lane and Nelson require that a plaintiff establish a prima facie claim in the pleadings which, if proven, would result in some form of relief for the plaintiff. A plaintiff must further establish that he has in good faith attempted to retain counsel and has been unsuccessful. Finally, the court must determine that the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel. See In re Lane, 801 F.2d at 1043; Nelson, 728 F.2d at 1005. A court may also consider the factual and legal complexity of the case, the plaintiff's ability to investigate the facts, the existence of conflicting testimony, and the plaintiff's ability to present his or her claim. See In re Lane, at 1043-44.

In the present case, Plaintiff has provided no grounds whatsoever for his motion; his one-page submission merely states "Motion for Appointment

of Councel [sic]." This document is not sufficient to review Plaintiff's motion under the standard set forth above.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is **DENIED.**

Dated: October 20, 2000.

JONATHAN LEBEDOFF
United States Magistrate Judge