UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Paul Blazer, Civ. File No. 00-1939 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

Medical Concepts Development, Inc.,

Defendant.

---

This matter is before the Court on Defendant's Motion to Dismiss. Defendant contends that Plaintiff has failed to prosecute his case and seeks to have Plaintiff's claim dismissed with prejudice. See Fed. R. Civ. P. 41(b). The Court held a hearing on the motion on August 24, 2001. For the reasons that follow, the Court grants the Defendant's Motion to Dismiss. However, Plaintiff's Complaint is dismissed without prejudice.

**BACKGROUND**

In August 2000, Plaintiff Michael Blazer filed a claim against Defendant Medical Concepts Development, Inc. ("MCD") alleging employment discrimination. Mr. Blazer then filed a motion for appointment of counsel. On August 22, 2000, Magistrate Judge Lebedoff referred Mr. Blazer to the Volunteer Lawyers Network ("VLN") and gave him 30 days to contact the VLN. On October 20, 2000, after determining that Mr. Blazer had not obtained

FILED AUG 27 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG 27 2001
DEPUTY CLERK

counsel, Judge Lebedoff denied Mr. Blazer's motion for appointment of counsel. See October 10, 2000 Order (Clerk Doc. No. 8). Mr. Blazer continues to represent himself.

Both parties were served with a Notice of Pretrial Conference which was eventually scheduled for February 14, 2001. The Notice appropriately informed the parties of the required Rule 26(f) meeting. See Fed. R. Civ. P. 26(f). On December 26, 2000, MCD sent Mr. Blazer a draft of a Rule 26(f) Report, but he did not respond. Mr. Blazer then failed to attend the Pretrial Conference and did not contact MCD or the Court. On February 26, 2001, MCD served Mr. Blazer with discovery requests. Mr. Blazer did not respond to these requests.

**DISCUSSION**

There are two relatively straightforward issues in this case. The first is whether the case should be dismissed pursuant to Rule 41(b) for Mr. Blazer's failure to prosecute his claim. If the claim is to be dismissed, the second issue is whether this dismissal should be with or without prejudice.

**A. Dismissal Pursuant to Rule 41(b)**

Rule 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action." Fed. R. Civ. P. 41(b). MCD compares this case to a similar one from the 8th Circuit, DuBose v. State of Minnesota, 893 F.2d 169 (8th Cir. 1990). In DuBose, plaintiff failed to obtain counsel despite the court's grant of 30 days in which to do so, failed to appear at the pretrial

conference set by the court, and failed to appear at trial. Id. at 170. Accordingly, the circuit court held that plaintiff had not prosecuted his claim and affirmed a dismissal of the case with prejudice, pursuant to Rule 41(b). Id. at 171. It is clear that this Court has the power to invoke such a sanction "in order to prevent undue delays in the disposition of pending cases and to avoid congestion." Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).

Mr. Blazer has requested that this Court grant him a continuance. He argues that he needs legal representation and that his delay in prosecuting this case is not his fault. In essence, he claims that the VLN told him not to respond to MCD in any way. However, according to Mr. Blazer, the VLN has given him no other advice or support. Despite Mr. Blazer's claim, dismissal is appropriate in this case. Mr. Blazer simply has not, to date, taken any steps to pursue his claim against MCD and has not complied with mandates the of procedural law. Although Mr. Blazer is a pro se litigant, the 8th Circuit has made it clear that such litigants are not excused from compliance with substantive and procedural law. See Brugs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

**B. Dismissal Without Prejudice Pursuant to Rule 41(b)**

Nevertheless, Mr. Blazer's claim should be dismissed without prejudice. Although a dismissal pursuant to Rule 41(b) generally "operates as an adjudication upon the merits," the Rule allows the Court the flexibility to "specify otherwise." Fed. R. Civ. P. 41(b). The 8th Circuit has made it clear that courts should consider "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and

preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his [or her] day in court." Moore v. St. Louis Music Supply Co., 539 F.2d 1191, 1193 (8th Cir. 1976). In general, "[c]ases should be dismissed with prejudice only where the plaintiff has intentionally delayed the action...or where the plaintiff has consistently and wilfully failed to prosecute his claim." Sterling v. United States, 985 F.2d 411, 412 (8th Cir. 1993) (per curiam); see also Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) (holding that plaintiff "did not engage in such a course of intentional delay or contumacious conduct as to warrant the drastic sanction of dismissal with prejudice"). In DuBose, for example, where the 8th Circuit affirmed a dismissal with prejudice, the court noted that the defendant "was attempting to 'play games' with the court." DuBose, 893 F.2d at 170.

In this case, there is no evidence that Mr. Blazer has tried to "play games" with the Court. In fact, Mr. Blazer, in his letter to this Court, makes it clear that he wants to pursue his claim but that he honestly believes that he needs legal assistance to do so. MCD points out that Mr. Blazer did not get an attorney from the VLN within the 30-day period granted by Judge Lebedoff, failed to appear at the pretrial conference, and failed to respond to Defendant's discovery requests. While these facts demonstrate that Mr. Blazer has not prosecuted his claim within the meaning of Rule 41(b), the facts do not evidence the kind of willful neglect or "contumacious conduct" required to grant a dismissal with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss

(Clerk Doc. No. 15) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 27, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: AUG 27 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500